UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE<br>1310 L Street, N.W., 7th Floor<br>Washington, D.C. 20005<br><br>      Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 18-<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff COMPETITIVE ENTERPRISE INSTITUTE ("CEI"), for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("STATE"), alleges as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), to compel production under four FOIA requests, seeking information relating to the December 2015 Paris climate agreement, and related November 2017 talks.

2. Certain records sought specifically relate to government recordkeeping and record preservation practices.

3. State has failed to provide plaintiff with the requisite determination about whether it would comply with plaintiff's requests, as required by FOIA and as set forth by this Court in *CREW v. Federal Election Commission*, 711 F.3d 180 (D.C. Cir. 2013), under which, within the statutory deadline of 20 working days, agencies must "inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."

1

## PARTIES

4. Plaintiff CEI is a public policy research and educational institute in Washington, D.C., dedicated to advancing responsible regulation and in particular economically sustainable environmental policy. CEI's programs include research, investigative journalism and publication, as well as a transparency initiative seeking public records relating to environmental policy and how policymakers use public resources.

5. Defendant United States Department of State is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), because this action is brought in the District of Columbia, and 28 U.S.C. § 1331, because the resolution of disputes under FOIA presents a federal question.

7. Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff resides in the District of Columbia, and defendant State is a federal agency.

## FACTUAL BACKGROUND
### Plaintiff's FOIA requests for certain Agency records relating to the Paris Climate Treaty

8. This case involves four separate FOIA requests to State.

9. *First FOIA request.* On December 12, 2017, CEI sent a request by electronic mail seeking copies of certain described correspondence and attachments in State's possession relating to what State officials describe as "validators" for the Obama Administration's position on the 2015 Paris climate agreement.

10. State used the term validators to refer to unpaid outside voices which "provide an onslaught of positive ads"[1] to support agency initiatives, and "write 'good news' op-eds" on request — and also "assist with the inside game." They are "folks who will be supportive," who will repeat talking points ("TPs") (as in, "we need the very best TPs for the heads up calls we will make," "help…develop statements" in support, and "do events."[2]

11. State utilized these validators in the context of the Obama Administration's stance on the Paris climate treaty, to promote the administration stance on Paris through its "rollout/outreach plan." State described these groups as Green Groups, "China hands/national security luminaries", Business, Diplomatic, Islands, "Climate Policy/commentators." State asked such people to push talking points, as they were the "experts media may call on for stories"; to "post" on issue-specific blogs; to issue not just statements but "pretty awesome" statements; and, for instance, to "write a "good news op-ed to follow up on his gloomy one in the WSJ from [August 2015]."

12. State has not acknowledged plaintiff's request or its request for a fee waiver.

13. *Second FOIA request.* On December 14, 2017, CEI sent a request by electronic mail seeking copies of certain described correspondence and attachments in State's

---

[1] As in, "There's going to [sic] an onslaught of positive ads coming from a variety of NGOs this week. Let me know if there is anything we can do to assist with the inside game." December 4, 2011 email from Clean Energy Group (CEG) lobbyist Michael J. Bradley to EPA associate administrator for the U.S. Environmental Protection Agency's Office of Policy Michael Goo. Request No. EPA-HQ-2015-008156. Then-Administrator Lisa Jackson suggested CEG as EPA's "industry validator" for its New Source Performance Rules for greenhouse gases, March 21, 2012, email from Ms. Jackson using the pseudonym "Richard Windsor" to Goo and other EPA colleagues, Subject, "A Few Updates Needed." Request No. HQ-FOI-01268-12. "Validators'" identities are routinely released by agencies, including in these examples from EPA.

[2] Requester merely cites those exemplars with which he has personal familiarity, in EPA request nos., HQ-FOI-01268-12, HQ-FOI-01052-12, HQ-FOI-01058-12, HQ-2014-007293, EPA-HQ-2015-008156.

possession relating to State's chief economist who, public records show, offered his office to colleagues for the purpose of "advancing the [Obama] administration's climate agenda".

14. By letter dated January 12, 2018, State acknowledged plaintiff's request, assigning it Case Control Number F-2017-17707. By the same letter, State deferred deciding on plaintiff's requests for a fee waiver. That fee waiver request was based on (1) the documents' potential contribution to public understanding of government activities on a matter of national interest, and on (2) CEI's qualifications as a media organization under FOIA.

15. In declining to grant plaintiff's request for fee waiver on the basis of substantial public interest, intention to broadly disseminate and relevance to operations or activities of the government, State misapplied the fee waiver criteria. It claimed it would determine the public interest at some later date on the basis of whether it found any records satisfying the standard, as opposed to determining whether the requested information satisfied FOIA's standard for public interest.

16. *Third FOIA Request.* On January 2, 2018, CEI sent a request by electronic mail seeking copies of certain described documents in State's possession that used the encrypted instant messaging service What's App over approximately two weeks at the November 2017 Conference of the Parties to the United Nations Framework Convention on Climate Change in Bonn, Germany.

17. State has not acknowledged plaintiff's request or its for a fee waiver.

18. *Fourth FOIA request.* On January 2, 2018, CEI sent a request by electronic mail seeking copies of certain described correspondence and attachments in State's possession,

covering approximately three weeks' time and relating to accommodation arrangements at the same November 2017 Conference of the Parties in Bonn, Germany..

19. State has not acknowledged plaintiff's request or its request for a fee waiver.

20. FOIA provides that a requesting party is entitled to a substantive agency response, within twenty working days, stating that the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Within that deadline, the agency must also "determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents," and "inform the requester that it can appeal whatever portion of" the agency's "determination" is adverse to the requestor. *CREW v. FEC*, 711 F.3d 180, 188 (D.C. Cir. 2013); *accord Shermco Industries v. Secretary of U.S. Air Force*, 452 F. Supp. 306, 317 (N.D. Tex. 1978).

21. State is now past the statutory period for issuing such determinations on all of the above-described requests.

22. Defendant State is thereby improperly denying plaintiff access to agency records in violation of FOIA.

**FIRST CLAIM FOR RELIEF**
**Duty to Produce Records – Declaratory Judgment**

23. Plaintiff re-alleges paragraphs 1-21 as if fully set out herein.

24. Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

25. Plaintiff has a statutory right to the information it seeks and that defendant has unlawfully withheld.

26. Plaintiff is not required to further pursue administrative remedies.

27. Plaintiff asks this Court to enter a judgment declaring that:

    a.    Plaintiff is entitled to records responsive to their FOIA requests described above, and any attachments thereto, but State failed to provide them;

    b.    State's response to plaintiff's FOIA requests described above is not in accordance with the law, and does not satisfy State's obligations under FOIA;

    c.    State must now produce records responsive to plaintiff's requests.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

28. Plaintiff re-alleges paragraphs 1-26 as if fully set out herein.

29. Plaintiff is entitled to injunctive relief compelling State to produce the responsive records.

30. This Court should enter an injunction ordering State to produce to plaintiff, within 10 business days of the date of the order, the requested records sought in plaintiff's FOIA requests described above, and any attachments thereto.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

31. Plaintiff re-allege paragraphs 1-29 as if fully set out herein.

32. Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

33. This Court should enter an injunction ordering the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

    WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for its attorney fees and costs and such other and further relief as the Court shall deem proper.

Respectfully submitted this \_\_\_\_ day of February, 2018.

       /s/ *Devin Watkins*
Charles Devin Watkins
 D.D.C. Bar No. VA039
 devin.watkins@cei.org
Sam Kazman
 D.C. Bar No. 946376
 sam.kazman@cei.org
Competitive Enterprise Institute
1310 L Street NW, 7th Floor
Washington, DC 20006
(202) 331-1010

Christopher C. Horner
D.C. Bar No. 440107
chris@chornerlaw.com
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458

ATTORNEYS FOR Plaintiff